**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| COREY BOYCE, | : | |
| | : | Civil Action No. 13-773 (JBS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| LAURA CROCE, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff <u>pro se</u>
      Corey Boyce
      261350
      Camden County Correctional Facility
      330 Federal Street
      Camden, NJ 08102

**SIMANDLE, Chief Judge**

Plaintiff Corey Boyce, currently detained at Camden County Correctional Facility in Camden, New Jersey, seeks to bring this action *in forma pauperis* pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review. Plaintiff brings this matter against three defendants: Laura Croce, Esq., Assistant Camden County Prosecutor; Lauren Wojcik, Assistant Camden County Prosecutor; and Camden County Prosecutor's Office.  Plaintiff states that he was arrested on February 6, 2012 for burglary and the matter was presented to the grand jury by Croce on July 17 or 18, 2012.  He states that the only witness presented for testimony was Investigator Kenneth Anderson, in violation of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights.  He states that an indictment was returned, based on that testimony, violating his Fifth, Sixth, and Fourteenth Amendment rights.  He states that Wojcik, the prosecuting attorney, is a "conspirator" in violating his rights, asserting that "misconduct of prosecution and the grand jury, denial of speedy trial, [and] unreasonable delay in disposition" occurred.

He asks for relief in the form of a court order to dismiss his state court indictment and $250,000 in damages from the Camden County Prosecutor's Office.

## II.   STANDARD OF REVIEW

A.   Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must

---

[1]   "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120,

3

allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B.    Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

---

122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### III.  DISCUSSION

As Plaintiff is currently a pretrial detainee, presumably in criminal proceedings in the state court, this Court must abstain from ruling on Plaintiff's challenge to his ongoing state court case.

In *Younger v. Harris*, the Supreme Court held that federal courts may not enjoin pending state court criminal proceedings, even if there is an allegation of a constitutional violation and even though all jurisdictional and justiciability requirements are met. See 401 U.S. 37, 41-42 (1971).  In subsequent cases, the Court has adopted the application of *Younger* to claims for declaratory and injunctive relief. *See Samuels v. Mackell*, 401 U.S. 66 (1971) (holding that the principles of *Younger* are fully applicable to requests for declaratory relief).  Further, while the Supreme Court has yet to rule on the application of *Younger* to monetary relief, this Circuit applies the *Younger* abstention to bar damage suits. *See Gwynedd Properties v. Lower Gwynedd*

5

*Township*, 970 F.2d 1195 (3d Cir. 1992); *Williams v. Hepting*, 844 F.2d 138 (3d Cir. 1988).

Abstention is appropriate only absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule. The specific elements of the Younger abstention are: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). Here, Plaintiff's complaint indicates that he is facing a criminal prosecution, which aim is to vindicate an important state interest (*i.e.*, punishing criminal conduct), and New Jersey state courts offer Plaintiff an adequate opportunity to raise his federal claims, if any.

The *Younger* abstention doctrine bars this Court from entertaining Plaintiff's action to enjoin the prosecution of the criminal action against him. The state action is ongoing and implicates important state interests as it seeks to enforce the criminal laws of the State of New Jersey.

Further, if Plaintiff is convicted of these charges, he may not return to this action to challenge the fact or duration of his confinement by means of an action under § 1983; rather he must exhaust his state remedies and then, if appropriate, file a federal habeas application. *Preiser v. Rodriguez*, 411 U.S. 475

(1973).  Nor can he seek relief under § 1983 if this Court's adjudication would call into question the validity of his criminal conviction, unless his conviction first has been overturned on appeal or in state or federal collateral proceedings.  *Heck v. Humphrey*, 512 U.S. 477 (1994).  Therefore, Plaintiff's challenge to any pending criminal charges arising out of the alleged facts must be dismissed without prejudice for failure to state a claim.

Additionally, given the lack of factual specificity with respect to Plaintiff's pleading, the Court must dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) for the additional reason that it fails to meet the pleading standard of Federal Rule of Civil Procedure 8(a).  The applicable standard of review of dismissal pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) is the same as the standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002).  To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

IV.   <u>CONCLUSION</u>

For the reasons set forth above, the Court grants Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and dismisses the Complaint without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  An appropriate order follows.


**<u>s/ Jerome B. Simandle</u>**
JEROME B. SIMANDLE
Chief Judge
United States District Court

Dated:  **July 31, 2013**

8